In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2478

FRANKIE N. WALKER, SR.,

*Plaintiff-Appellant*,

*v.*

GUY GROOT and STEVEN SCHOSTAK,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Central District of Illinois.
11-3033-SEM-TSH — **Sue E. Myerscough**, *Judge*.

ARGUED MARCH 30, 2017 — DECIDED AUGUST 14, 2017

Before POSNER, MANION, and HAMILTON.

HAMILTON, *Circuit Judge*. The plaintiff in this case wants a new trial based on a jury instruction he agreed to and admission of two exhibits to which he did not object on the grounds he argues on appeal. The plaintiff waived at trial the arguments he raises on appeal, so we affirm the judgment of the district court.

I.   *Factual and Procedural History*

Plaintiff Walker has lived in the Rushville Treatment & Detention Center since 2007, when he finished serving a sentence in an Illinois prison. The State of Illinois classifies him as a sexually violent person, and he was officially committed to the Rushville facility in 2013. Around January 2009, while Walker was detained at Rushville but before he was officially committed, he wrote a letter to the executive director of the conditional release program to learn more about the program and to aid his counsel in challenging his inpatient detention. Walker said in the letter that he had obtained a recommendation for conditional release. To be eligible for conditional release a detainee must be officially committed by an Illinois court. 725 Ill. Comp. Stat. 207/50, 207/60 (2017). When he sent the letter, Walker had not been committed. Walker had obtained a recommendation for the conditional release program from a forensic psychologist appointed by the court to serve as his expert witness. Walker apparently understood this recommendation as indicating his eligibility for the program.

The executive director received the letter but followed standard procedure and returned the letter to the Rushville facility. Walker testified at his civil trial in this case that Dr. Groot, a member of his treatment team, "asked me about what I wrote. And I told him … And his conclusion was the letter was misleading because the letter did not say that I had received a recommendation from a state evaluator. My response was a recommendation is a recommendation is a recommendation. And of course he said that it was misleading."

In response to his letter, his treatment team assigned him a "decision making model," which is an exercise or treatment

tool in which the detainee examines his thought processes associated with a particular decision. Walker's treatment team testified that in the time before Walker sent the letter, he was having difficulty with issues of mistrust of authority and his treatment team, as well as with problem-solving and impulsivity. The letter, according to his treatment team, exemplified these issues by seeking information from outside his treatment team. The decision-making model exercise was assigned as part of his treatment to address those behavior issues.

Walker saw things differently. He believed that the assignment amounted to retaliation for his exercise of his First Amendment right of free speech. He brought suit under 42 U.S.C. § 1983 in federal court alleging First Amendment violations by two members of his treatment team, Doctors Groot and Schostak, and the case proceeded to trial.[1] At trial, Walker represented himself, but he received help from standby counsel recruited by the court. Walker took an active role in managing his case at trial. He testified, questioned witnesses, introduced exhibits into evidence, and objected to defense

---

[1] We confess to some doubt about how Walker's letter was speech protected by the First Amendment or what cognizable and non-speculative harm he might have suffered, cf. *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120, 1138 (W.D. Wis. 2007) (observing that although "prisoners have a First Amendment right to send and receive mail," the right is limited), citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989), and *Procunier v. Martinez*, 416 U.S. 396, 413–14 (1974), or how part of the treatment regimen could violate the First Amendment, *Koster v. Jelinek*, No. 10-3003, 2011 WL 3349831, at *2 (C.D. Ill. Aug. 3, 2011) ("There is no doubt" that rehabilitation of a civil detainee at Rushville Treatment and Detention Center is a legitimate government interest, and substantial deference is afforded to treating professionals when determining whether a restriction is reasonably related to that interest), but those issues have not been presented on appeal.

counsel's questions at several points. In the end, the jury found for the defendants on all counts. Walker has appealed, assisted by new counsel.

On appeal, Walker raises two issues. First, he argues that the district court's jury instructions on the First Amendment retaliation claim were erroneous. Second, he argues that the court erred in admitting privileged and prejudicial treatment records into evidence. We find that Walker has waived the issues he raises on appeal.

II. *Analysis*

A "party may not raise an issue for the first time on appeal." *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013), quoting *Fednav International Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010). Such failure to object ordinarily constitutes waiver, *id.*, and waiver normally precludes appellate review. *Higbee v. Sentry Ins. Co.*, 440 F.3d 408, 409 (7th Cir. 2006). Yet the rules of evidence and civil procedure permit "plain-error" review in some circumstances, even when the party has failed to raise the issue in the district court. Fed. R. Civ. P. 51(d); Fed. R. Evid. 103(e). Still, plain-error review has only "limited application in civil litigation," *Higbee*, 440 F.3d at 409 (quotation omitted), and is "an extraordinary measure." *Backwater, Inc. v. Penn-American Ins. Co.*, 448 F.3d 962, 965 (7th Cir. 2006) (citation omitted). We consider the status of Walker's two arguments on appeal: (A) the jury instructions and (B) admission of two treatment records.

A. *Jury Instructions*

Walker argues that the trial court's instructions on the First Amendment retaliation claim misstated the law on causation when there is evidence that the defendants acted for more

than one reason. See generally, e.g., *Spiegla v. Hull*, 371 F.3d 928, 941–42 (7th Cir. 2004). To establish a First Amendment retaliation claim, the plaintiff must establish that he engaged in protected First Amendment activity, suffered a deprivation that would likely deter future First Amendment activity, and the First Amendment activity was a motivating factor in the defendant's decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); see also *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Walker contends the court's instruction to the jury stated the law incorrectly and relieved the defendants from their burden of showing they would have taken the same action even absent constitutionally protected activity. See *Greene v. Doruff*, 660 F.3d 975, 980 (7th Cir. 2011) ("[T]he burden of proof relating to causation is divided between the parties in First Amendment tort cases."), citing *Spiegla*, 371 F.3d 928. Defendants may rebut the plaintiff's showing that the activity was a motivating factor in triggering the restriction, "but only by showing that his conduct was not a necessary condition of the harm—the harm would have occurred anyway." *Id.* Walker now argues that the error was plain and prejudicial. However, Walker did not take either opportunity presented at trial to object to the instruction.

Federal Rule of Civil Procedure 51 governs objections to jury instructions. Rule 51(b) requires the judge to inform the parties of its proposed instructions before instructing the jury and final jury arguments, and to give the parties an opportunity to object on the record outside the hearing of the jury. Rule 51(c) requires that a party object to a jury instruction in a timely manner, on the record, "stating distinctly the matter

objected to and the grounds for the objection." Accord, *Consumer Products Research & Design, Inc. v. Jensen*, 572 F.3d 436, 439 (7th Cir. 2009). "[M]ere tendering of proposed instructions different from the instructions given" is not sufficient to preserve an objection to the instructions that are given. *Griffin v. Foley*, 542 F.3d 209, 221 (7th Cir. 2008), citing *Gordon v. Degelmann*, 29 F.3d 295, 298 (7th Cir. 1994).

If a party failed to object properly to an instruction, an appellate court "may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2). Especially in civil cases, plain-error review of jury instructions is "quite limited" and "discretionary," *Higbee*, 440 F.3d at 409, and reserved for "exceptional circumstances." Fed. R. Civ. P. 51, 2003 note, quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936) (finding no plain error where government failed to object to jury instructions in civil case, while noting that in "exceptional circumstances, especially in criminal cases," appellate courts may act in public interest to correct plain errors). Application of Rule 51(d)(2) requires that "(1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." Fed. R. Civ. P. 51, 2003 note, citing *Johnson v. United States*, 520 U.S. 461, 466–67, 469–70 (1997); see also *Ammons-Lewis v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 488 F.3d 739, 751 (7th Cir. 2007) (finding no plain error in jury instructions).[2]

---

[2] Plain-error review for jury instructions in civil cases is a relatively recent development. Until 2003, the Federal Rules of Civil Procedure expressly prohibited plain-error review for jury instructions in civil cases.

Walker failed to object to the instructions, and he cannot clear the high bar for showing a plain error. At trial, neither Walker nor his standby counsel objected to the instruction he challenges on appeal, despite two opportunities to do so. First, at the jury instruction conference, the judge went through each instruction on the record. (Conducting such conferences on the record, however informal they might seem, is clearly the better course for purposes of appellate review.) The judge explained to Walker that she was "going to say Court's 1, and you're going to either object or say no objection. All right?" The court also asked Walker's standby counsel if it would be more efficient "if you would handle this part?" There was no direct response, but standby counsel helped resolve an issue with the first instruction.

Then, after the first instruction, Walker spoke for himself. Eventually, in reference to the now disputed instruction, the court prompted Walker, "14?" Walker responded, "I have no objection, Your Honor." The court then noted that it had a revised copy of 14 that reflected "the change in the law about motivating factor." Defense counsel stated "That's fine," and Walker restated "No objections." The court read the full instruction of 14A, and again, Mr. Walker said, "I still have no objection, Your Honor." The defense did object, arguing that the burden-shifting language of instruction 14 should also be

*Higbee*, 440 F.3d at 409. The Advisory Committee notes to Rule 51 instruct courts to use the principles of plain-error review in the criminal context, but recognize that "the context of civil litigation often differs from the context of criminal prosecution" and that "actual application of the plain-error standard takes account of the differences." Fed. R. Civ. P. 51, 2003 note. The clear implication is that the standard is more difficult to satisfy in civil cases, at least where liberty is not at stake and where the public interest at stake may be minimal.

in 14A. The court invited the defendants to submit a revised
instruction the next morning. The next day, before instruc-
tions were read to the jury, the court asked about the revised
instruction to include the contested portion, "Is there any ob-
jection to Defendant's 14A?" Again, Walker replied, "No, I
have no objections, Your Honor."

Walker argues for the first time on appeal that this instruc-
tion was given in error. Yet he failed to object during both op-
portunities to do so when the district judge could have acted
to correct any error. The jury instruction conference was not
merely a rote call-and-response routine. The court discussed
the instruction with counsel and Walker and even read it
aloud. Still Walker chose not to object. He affirmatively stated
three times that he had no objection to the jury instruction
(though once would have been enough to waive the issue ar-
gued on appeal).

Walker argues that we should give him special latitude as
a *pro se* litigant in a civil case. This is not a good case for testing
such latitude. Walker was offered counsel but chose to pro-
ceed *pro se*, leaving counsel in a standby role. In doing so, he
accepted any risks associated with that decision, which are
surely near their height when dealing with the legal issues
presented by jury instructions. With standby counsel present,
Walker affirmatively stated he had no objection. Thus, he has
waived that argument on appeal and has further failed to es-
tablish how the alleged error impairs his substantial rights or
how the alleged error seriously affects "the fairness, integrity,
or public reputation of judicial proceedings." Fed. R. Civ. P.
51, 2003 note. Walker intentionally waived any objection to
the jury instructions, and there was no plain error.

B. *Admission of Evidence: Exhibits 14 and 22A*

We turn to Walker's second issue on appeal, the admission of two exhibits into evidence. A district court's decision to admit evidence is generally reviewed for abuse of discretion. *Griffin v. Foley*, 542 F.3d 209, 217–18 (7th Cir. 2008), citing *Estate of Moreland v. Dieter*, 395 F.3d 747, 753 (7th Cir. 2005). However, when "a party fails to timely and properly object at trial to the admission of evidence, the party is deemed to have waived the issue on appeal." See, e.g., *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 727 (7th Cir. 1999) (citations omitted). Federal Rule of Evidence 103(e) permits (but does not require) plain-error review when a party fails to object to the admission of evidence at trial. See, e.g., *Jimenez v. City of Chicago*, 732 F.3d 710, 720 (7th Cir. 2013). However, "a showing of plain error requires extraordinary circumstances" that affect substantial rights and result in a miscarriage of justice. *Stringel v. Methodist Hosp. of Indiana, Inc.*, 89 F.3d 415, 421 (7th Cir. 1996). Such instances in civil cases are rare.

Walker argues on appeal that the district court judge erred in admitting evidence that was both prejudicial and protected by patient-psychiatrist privilege. At trial, Walker himself introduced two privileged communications—Exhibits 7 and 8 (progress notes written by Walker's therapists). The defendants also introduced into evidence two progress notes—Exhibits 14 and 22. At trial, Walker did not object to Exhibit 14. He objected to Exhibit 22 on grounds of relevance, prejudice, and hearsay, but not privilege. Walker waived the objections he raises on appeal, and we find no plain error.

#### 1. *Exhibit 14*

We begin with Exhibit 14, which was a progress note dated February 3, 2009, authored by defendant Schostak and introduced by the defense to demonstrate that Walker's request for copies of his progress notes was granted and that he was making progress toward his treatment goals. As Walker's primary therapist, Schostak testified at trial regarding the exhibit. When defense counsel first asked Schostak to review the document during re-direct examination, there was no objection from Walker. Then, on re-cross examination, Walker himself questioned Schostak using Exhibit 14 to try to establish a timeline that would support his retaliation claim. At the close of Schostak's testimony, defense counsel moved to admit both Exhibits 14 and 22. Walker objected at that time only to Exhibit 22. Exhibit 14 was then admitted without objection. The court then asked, "is there any objection to all those exhibits that have been admitted going back to the jury … ?" Again, Walker did not object to Exhibit 14.

On appeal Walker argues for the first time that Exhibit 14 should not have been admitted because it is privileged and prejudicial. Walker never objected to the admission of Exhibit 14 at trial. In fact, he tried to use Exhibit 14 to support his own theory of the case. Walker has waived the argument that Exhibit 14 was improperly admitted and failed to make a showing of the type of extraordinary circumstances required to establish plain error. See, e.g., *Jimenez*, 732 F.3d at 720; *Stringel*, 89 F.3d at 421.

2. *Exhibit 22A*

Walker also argues on appeal that the court erred by admitting Exhibit 22A, which was the redacted version of a progress note dated February 26, 2009, and authored by Dr. Koch. It summarized Walker's progress for the period between January 13 and January 16. Walker did object to Exhibit 22 at trial. Exhibit 22 was first introduced by the defense during Schostak's testimony. The problem is that Walker's only objection to Exhibit 22 was to the relevance of a question referring to the exhibit: "And can you tell us what the issues were that you were dealing with; without going into any specifics about any underlying offenses? What were the specific issues that Mr. Walker was addressing with you?" The court overruled the relevance objection, and Walker did not pursue it further.

After the witness was excused and the jury left the courtroom for a recess, the defense moved to place Exhibit 14 and 22 into evidence. At that point, Walker objected to Exhibit 22 based on "relevance, prejudice, and hearsay." He argued that the exhibit was hearsay because the witness did not author the document and testified falsely; that "it would not be relevant because the connection that the witness was making with the document is not the actual reason for the document having been created"; and that "it's prejudice because of the content of the information."

The court found there was "highly prejudicial information in the Document 22. There is also relevant information and certainly this was the treating therapist who relied upon those notes. And these are therapist progress notes. So I'm willing to admit a redacted copy of Defendant's Exhibit 22 if the language can be successfully stricken by interlineation." Then, "I'll show 22 is refused and 22A as redacted will be admitted

without objection." Walker did not correct the judge's statement that Exhibit 22A would be admitted without objection.

Finally, the judge asked if there were objections to the admitted exhibits "going back to the jury" during deliberations. Again, Walker ensured his objection was heard by the court. He asserted, "I have what appears to be a marker that has redacted the prejudiced information, but you still can see through it. So I don't know exactly what way it's going to go back to the jury. … The document lacked foundation, Your Honor, and relevance." The court then addressed the issue of text being visible through the marker by making photocopies and did not address the objection to relevance and lack of foundation, on which the court had already ruled.

The next morning, Walker again raised an objection to Exhibit 22A, the redacted version of Exhibit 22. "I object to the total document. The total document, foundation has not even been laid for the document. It has not even been admitted properly. … It's hearsay." The court overruled the objection without elaboration. Walker never objected to the redacted Exhibit 22A on grounds of prejudice or privilege. He argued only that Exhibit 22A as redacted should not be admitted on grounds of relevance and hearsay.

Walker thus waived his argument that the trial court erred by admitting redacted Exhibit 22A on grounds of undue prejudice under Rule 403. The arguments based on relevance and hearsay that he did pursue at trial have been abandoned on appeal. Further, as evidenced by the lengthy exploration of the record here, Walker did not argue at trial that the progress note is protected by patient-psychiatrist privilege. Walker himself had offered arguably privileged and closely related documents, and it would be difficult to allow him to pick and

choose which privileged documents the jury could be allowed to consider. Walker objected on other grounds and waived his appellate argument based on the patient-psychiatrist privilege. See *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1405 (7th Cir. 1991) (collecting cases showing that a "specific objection made on the wrong grounds and overruled precludes a party from raising a specific objection on other, tenable grounds on appeal") (quotation omitted); *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1333–34 (8th Cir. 1985) ("An objection at trial on one ground will not enable the objecting party to rely on appeal on other grounds that were not stated in the trial objection.").

When a party waives an objection at trial, only seldom may the waiver be overcome, and even then only at the discretion of the court with a strong showing of plain error. Plain error should be extremely rare in the case of a strategic waiver. See, e.g., *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 545 (7th Cir. 2014) ("as a general rule of course, we should reverse a district court's decision on the basis of evidence or arguments not presented to the district court only in highly unusual and compelling circumstances"); *Perry v. City of Chicago*, 733 F.3d 248, 253–54 (7th Cir. 2013) (observing that in "most civil cases, plain error review is unavailable" and declining to find plain error in a civil case). Walker cannot show plain error. First, he introduced privileged patient-psychiatrist treatment records as plaintiff's Exhibits 7 and 8 and did not object to defendants' Exhibit 14. Second, the trial court judge considered Walker's arguments to exclude Exhibit 22, redacted the prejudicial portions, and determined that what remained was relevant and not hearsay. Thus, Walker waived his argument that the exhibits were privileged and prejudicial, and we decline to exercise our discretion to review further because

Walker has not cleared the high bar of plain error by showing extraordinary circumstances resulting in a miscarriage of justice.

*       *       *

In sum, Walker's arguments on appeal have been waived, and he cannot show plain error. The judgment of the district court is AFFIRMED.