**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2017*
Decided October 18, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-4030

| | |
|---|---|
| CEDRIC PIERCE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 CV 6824 |
| JULIO RUIZ and STEPHEN WHITEHEAD, | Edmond E. Chang, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Two Chicago police officers arrested Cedric Pierce for driving while intoxicated after finding him parked askew on a city street. Mr. Pierce asserts that the officers used excessive force during the arrest, and then refused to provide medical treatment for the resulting injuries. A jury found in favor of the officers. We affirm the judgment because Mr. Pierce's challenges to the verdict are either waived or meritless.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

On appeal Mr. Pierce presents five issues, some of which are difficult to decipher. But we read his brief as generously as we can to address the arguments that we can fairly discern. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Mr. Pierce first argues that the district court misapplied its pretrial ruling on a motion in limine, which he interpreted as prohibiting the defendants from eliciting evidence about anything that occurred after he was arrested. At trial, however, the court allowed one of the officers to testify that Mr. Pierce refused a breathalyzer test and that he never complained of any pain, or appeared injured, when the officers interviewed him before he was taken to lockup. Mr. Pierce thus surmised that the court improperly allowed prejudicial evidence into the record.

This court reviews a district court's evidentiary rulings for abuse of discretion, reversing only when "no reasonable person would agree with the trial court's ruling." *See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). We cannot find any error in the district court's decision. At a sidebar comprising ten pages of the trial transcript, Judge Chang addressed Mr. Pierce's objection and explained the permitted scope of the defendants' testimony in light of his pretrial ruling. The judge carefully circumscribed the permitted testimony to avert undue prejudice, allowing only statements that were responsive to previous implications that the officers did not conduct a field sobriety test or relevant to whether the officers withheld medical care.

Mr. Pierce next contends that his trial was unfair because the jury did not hear all of the evidence. Mr. Pierce complains that witnesses to the arrest—individuals whom the officers described in discovery as known prostitutes—were never called to the stand, and, further, that evidence from the police department's internal investigation, which Mr. Pierce says involved witness interviews, was not admitted into the record. Relatedly, he argues that the pattern jury instruction explaining the "preponderance of the evidence" standard was "contrary to the law"—specifically, the portion stating that jurors should "consider[] all the evidence in the case,"—because not "all" of the evidence was presented to the jury. He makes the same argument with respect to his own attorney's opening statement, in which counsel (not, as Mr. Pierce says, the district court) told the jurors that it was not the lawyers, but the evidence, that would "make the difference in this case."

These arguments all miss the mark. The defendants had no obligation to Mr. Pierce to call any witness, and Mr. Pierce was represented by counsel, who could have (and perhaps may have) interviewed witnesses to determine an appropriate trial

strategy. Counsel's decisions are imputed to Mr. Pierce, so he cannot challenge them on appeal. *See Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015). The same principle applies to Mr. Pierce's argument that his own lawyer erred when he emphasized (perfectly appropriately) that the evidence, not the lawyers' statements, would "make the difference." As for the jury instruction on the preponderance-of-the-evidence standard, Mr. Pierce waived any challenge because he did not object to, and, indeed agreed to, this routine and essential instruction in the district court, so he is not entitled even to plain-error review. *See* FED. R. CIV. P. 51(d)(1)–(2); *Walker v. Groot*, 867 F.3d 799, 804 (7th Cir. 2017). In any event, Mr. Pierce simply misunderstands what "all the evidence in the case" means in the context of the instruction; it refers to the evidence that was introduced at the trial for the jury to weigh, not all possible evidence.

Mr. Pierce next challenges a portion of defense counsel's closing argument. Addressing the excessive-force allegations, counsel contrasted the medical evidence with Mr. Pierce's assertion that he had been picked up by his handcuffs and dangled in the air several times. Counsel told the jurors to use their common sense and picture what kind of injuries would result from a "220 pound human being lifted up with his hands behind his back, his entire body weight basically on his shoulders." Mr. Pierce waived his challenge to this statement because he did not object during closing arguments. *Venson v. Altamirano*, 749 F.3d 641, 657 (7th Cir. 2014). Waiver aside, Mr. Pierce also has not explained how this comment was remotely inappropriate or prejudicial. *United States v. Clark*, 535 F.3d 571, 580–81 (7th Cir. 2008).

Finally, to the extent that Mr. Pierce's arguments implicate what he views as the mistakes of his own lawyers, this appeal is not the right forum in which to raise a claim that his lawyers provided ineffective assistance. The appropriate remedy is a separate lawsuit in state court for legal malpractice. *See Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015). By noting this, however, we do not imply that there would be any merit to that kind of suit.

AFFIRMED.