┌─────────────────────────────────────────────┐
│           **NONPRECEDENTIAL DISPOSITION**            │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 6, 2018
Decided September 25, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2361

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 545 |
| ANTONIO JOHNSON, *Defendant-Appellant*. | Manish S. Shah, *Judge*. |

**O R D E R**

Antonio Johnson was charged with possessing illegal drugs and guns as a felon. A jury convicted him solely of the drug count. Johnson raises two arguments on appeal. First, he argues that the district judge erred by not instructing the jury that his "mere presence" in the apartment where the drugs and guns were found was insufficient to support a guilty verdict. He also argues that he deserves a new trial because a testifying officer briefly referred to him as the "target" of the search warrant. We reject these arguments and affirm.

## I. Background

Johnson was charged with possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1), and possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1). The principal evidence at trial came from a search of a Chicago apartment pursuant to a warrant. The only occupants at the time were Johnson and Cheyanna Wilson, his girlfriend. Wilson lived at the apartment, and Johnson stayed there frequently. In one bedroom the officers found two loaded guns and a plate with heroin on it. In the kitchen they found a bag of heroin. Two officers said that during the search, Johnson admitted that the heroin was his; four other officers said that they did not hear Johnson say that.

Before trial Johnson requested a jury instruction that his mere presence in the apartment was insufficient to convict. Specifically, his proposed instruction read: "A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt. Nor is a defendant's association with persons involved in a crime sufficient to prove his participation in the crime." The government objected, arguing that the instruction was redundant with the elements of the offenses, which require that he "knowingly possessed" the contraband, and thus the additional instruction could confuse the jury. Johnson countered that he feared that the government would argue that the apartment "was some form of stash house," so the jury should be reminded that his presence was insufficient to establish guilt. The judge ruled that this was "not the heartland situation where the 'mere presence' instruction adds value" because Johnson could not be convicted unless he knowingly possessed the gun and the drugs, as the offense instructions already explained.

At the end of trial, the judge instructed the jury that it could not convict Johnson on either count unless he "knowingly possessed" the drugs or the firearms. And the instructions added that "[w]ith respect to both counts of the indictment, a person possesses an object if he has the ability and intention to exercise direction or control over the object" and "a person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct." In closing argument Johnson's counsel addressed his "mere presence" theory as follows:

> So we're clear, possession, if you go back there and you think, well, Antonio Johnson was in the house, and there were guns and drugs there, that's not enough to prove knowing possession. The government in this

case has to establish that he had knowing possession, and his mere presence in that house, whatever was there, is not enough to establish that.

Johnson also filed a motion in limine to "preclude the government from eliciting any testimony related to the probable cause that formed the basis for the search warrant." The warrant application contained a confidential informant's assertion that Johnson dealt drugs out of the apartment. Johnson worried that the jury would improperly rely on the search warrant as evidence of his guilt. The judge granted Johnson's motion without objection from the government.

At trial Officer Joy McClain alluded to the search warrant during direct examination:

> Q. [W]as anyone inside of the apartment when the officers came in?
>
> A. Just two people.
>
> Q. Who were those two people?
>
> A. The -- I know the target of the warrant was there and a female.

Johnson objected. He argued that Officer McClain violated the order granting his motion in limine and asked the judge to declare a mistrial. The government responded that the judge should instead instruct the jury to disregard the answer. Johnson replied that the damage could not be undone: Jurors would infer that he was the target since they already knew that he and his girlfriend were the only ones in the apartment and his girlfriend had not been arrested.

The judge struck the answer but denied the request for a mistrial. He explained that "the almost offhand reference to the target of the search warrant being present at the location is [not] so prejudicial that it has deprived Mr. Johnson of a fair trial here." But, he added,

> I do think the jury ought to be instructed to disregard that answer. I would be amenable to a further instruction directing them to disregard any reference to a target of the search warrant as being irrelevant to the issues in this trial and not to enter into their considerations in any way.

Johnson's counsel did not want the judge to highlight the word "target," fearing that doing so would worsen the situation. So the judge simply instructed the jury to "disregard the officer's answer to the last question."

During cross-examination, the problem arose again. Defense counsel asked Officer McClain to explain where Johnson and Wilson were located within the apartment, and McClain responded as follows:

Q: Where was Ms. Wilson?

A: I don't know.

Q: Okay.

A: All I know is there were two people there, and it was the target and the female.

Defense counsel again objected, and the judge sustained the objection and instructed the jury: "[M]embers of the jury, you'll disregard the officer's characterization of individuals." Counsel renewed the request for a mistrial, but the judge denied it, saying:

Well, I think the crux of the problem is the [a]llusion to there being some other information that incriminates the defendant and that the term 'target' could be understood to be applicable to an individual against whom the Chicago police officers have some suspicion or information … .

That said, I don't think the landscape of this trial has materially changed by this witness'[s] utterance the second time of the term 'target' in the context in which it has been used here in the trial … .

Nevertheless, the witness used the term. But I adhere to my view that in context, it's not unfairly prejudicial to the defendant in the way it was used, and instructing the jury that they are to disregard this witness'[s] characterization of individuals is sufficient to eliminate any risk of unfairness to the defendant in this trial.

The judge's closing instructions included this standard admonition: "If, during the trial, I … told you to disregard something, you must not consider it." The jury

acquitted Johnson on the gun charge but convicted him on the drug charge. The judge denied Johnson's motion for a new trial and proceeded to sentencing. This appeal followed.

## II. Analysis

Johnson first argues that the judge erred by not giving his proposed "mere presence" instruction. As Johnson sees it, the jury heard conflicting testimony about whether he admitted that the heroin was his, and because the jurors might have believed that he did *not* admit to possession, they needed to know that his mere presence in the apartment was not sufficient to convict.

When a judge refuses to give a requested jury instruction and the alleged error involves a question of law, we conduct de novo review. *United States v. Bloom*, 846 F.3d 243, 255 (7th Cir.), *cert. denied*, 138 S. Ct. 366 (2017). A theory-of-defense instruction is warranted if: "(1) the instruction is a correct statement of the law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendant of a fair trial." *United States v. Brown*, 865 F.3d 566, 571–72 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 2005 (2018). The parties agree that the requested instruction was a correct statement of the law. They disagree about the rest of the analysis.

Johnson loses at the third and fourth steps of this framework because his defense was already reflected in the government's charge and he was not deprived of a fair trial. "[A] district court's refusal to give a mere presence instruction does not deny the defendant a fair trial if the jury could not convict him without finding that the defendant had the requisite 'knowledge' to complete the crime." *United States v. Vargas*, 689 F.3d 867, 878 (7th Cir. 2012) (citing *United States v. James*, 464 F.3d 699, 707–08 (7th Cir. 2006)). In this case the judge instructed the jury that each count required Johnson to have knowingly possessed the contraband. The instructions further elaborated on this point by defining "possess" as the ability and intent to control an object and defining "knowingly" as occurring when one is aware of and realizes what one is doing. So the basic offense instructions precluded a conviction based on Johnson's "mere presence."

Additional reasons establish that the trial was fair. First, as the government points out, the split verdict reflects that the jury understood that Johnson's "mere presence" was not enough. The jurors heard evidence, which they were entitled to

believe, that Johnson admitted that the drugs were his. The decision to convict Johnson on the drug charge but not the gun charge shows that they understood that his mere presence at a scene with guns and drugs did not necessarily mean that he knowingly possessed them both. Second, even without a mere-presence instruction, defense counsel explained in closing argument that Johnson's mere presence in the apartment was not enough to warrant a conviction.

Johnson next argues that the judge erred in refusing to grant his motion for a mistrial based on Officer McClain's twice-uttered statement suggesting that he was a "target" of the search. But Johnson cannot show that this was an abuse of discretion—a highly deferential standard. *See United States v. Harden*, 893 F.3d 434, 452 (7th Cir. 2018); *see also United States v. Lawrence*, 788 F.3d 234, 243 (7th Cir. 2015) (discussing the uphill battle faced by the appellant when asking to overturn a denial of a mistrial and reviewing for abuse of discretion "with an extra helping of deference"). First, the reference to Johnson as a "target" did not violate the literal terms of the judge's ruling in limine. The judge barred "any testimony related to the confidential informant's assertions that Mr. Johnson dealt cocaine." The word "target" did not reveal the informant's assertions that Johnson sold illegal drugs.

Second, even if the word "target" did violate the ruling, it was not prejudicial because the judge took reasonable steps to mitigate any harm. A trial court "is in the best position to determine the seriousness of the incident in question, particularly as it relates to what has transpired in the course of the trial." *United States v. Clarke*, 227 F.3d 874, 881 (7th Cir. 2000). Immediately after Officer McClain said "target," the judge instructed the jury to disregard her answer. And at the end of the trial, the judge told the jurors not to consider any testimony that was stricken from the record. We assume that jurors "follow limiting and curative instructions unless the matter improperly before them is so powerfully incriminating that they cannot reasonably be expected to put it out of their minds." *United States v. Smith*, 308 F.3d 726, 739 (7th Cir. 2002). The two brief, stricken references to "target" were not incurably prejudicial because they were "unrelated to any of the other testimony at trial" and were "unadorned with additional details." *Id.* Given our highly deferential standard of review, Johnson has not shown that the judge abused his discretion in declining to order a mistrial.

Relatedly, Johnson contends that the judge should have granted his motion for a new trial. He argues that the lack of a mere-presence instruction *combined with* Officer McClain's use of the word "target" (even though stricken) requires a new trial. The government responds that Johnson forfeited this argument because he moved for a new

trial based on the separate, not cumulative, effect of these two alleged errors. The government reads Johnson's motion too narrowly. Johnson raised these two arguments under the same heading seeking a new trial and used separate subheadings for better organization. There was no forfeiture, so we review for abuse of discretion, not plain error. *See Haze v. Kubicek*, 880 F.3d 946, 950 (7th Cir. 2018). And the judge was well within his discretion in declining to order a new trial. As we have explained, there was no jury-instruction error, and the judge's mistrial ruling was not an abuse of discretion.

AFFIRMED.