**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019[*]
Decided February 11, 2019

*Before*

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3561

| | |
|---|---|
| JAMES EDWARD GRANT, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 14-cv-436-jdp |
| JEFFREY GILL, <br>     *Defendant-Appellee*. | James D. Peterson, <br> *Chief Judge*. |

## O R D E R

James Grant, a former Wisconsin inmate, appeals from a jury verdict against him on claims that correctional officer Jeffrey Gill used excessive force on him during an escort and retaliated against him after he chose to defend himself at a prison-disciplinary hearing. Because Grant did not challenge the sufficiency of the evidence before the district court or provide us with a trial transcript, we dismiss Grant's appeal.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

This case concerns the use of force during an escort. After Grant disobeyed instructions on the way to a prison disciplinary hearing, Gill pushed him into a wall. Other guards helped Gill restrain Grant and then strip-searched him. Grant sued all the officers involved but the only claims that eventually proceeded to trial were his excessive-force and retaliation claims against Gill. The jury returned a verdict in Gill's favor on both counts. At no time did Grant file a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.

On appeal, Grant asserts that a rational and unbiased jury would have returned a verdict in his favor because his evidence is "clear and convincing." But Grant did not move for judgment as a matter of law under Rule 50 before or after the jury's verdict, so we are "'powerless' to review the sufficiency of the evidence after trial." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–02 (2006)); *Haze v. Kubicek*, 880 F.3d 946, 950 (7th Cir. 2018). What's more, Grant has not supplied us with transcripts of the trial proceedings, as he must if he wished to raise a sufficiency-of-the-evidence challenge. FED. R. APP. P. 10(b)(2); *see Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011).

We therefore DISMISS the appeal.