**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019[*]
Decided April 3, 2019

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SKYES, *Circuit Judge*

No. 17-3012

| | |
|---|---|
| SHAWN MILLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 13-768-SCW |
| | |
| LUCAS MAUE, JAMES BROWN, and | Stephen C. Williams, |
| SCOTT STEWART, | *Magistrate Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Shawn Miller, an Illinois inmate, lost at a jury trial on his claims under the Eighth Amendment that prison officials used unjustifiable force to subdue him and denied him medical care. Before trial, the district court dismissed Miller's other claim that, by placing him in segregation for four months, the defendants deprived him of liberty without due process. He now challenges the dismissal of his due process claim and asks this court to reverse the verdict against him and grant him relief. But because he

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

forfeited his challenge of the verdict, and the time and conditions in segregation did not invoke a liberty interest, we affirm.

A jury resolved the following factual dispute on Miller's Eighth Amendment claims. Miller testified that two officers (Lucas Maue and Scott Stewart) assaulted him for no reason, bruising his eye and back. Then, Miller's testimony continued, they and two other officers brought him to segregation and denied him medical treatment. The officers, by contrast, testified that Miller refused Maue's order to enter his cell for the night and then spat on Maue's face and neck. His refusal, they further testified, necessitated that they put Miller on the floor to handcuff him and bring him to segregation, after which he received medical care for his diabetes. The jury returned a verdict in the defendants' favor. Miller did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50.

Before trial, the court resolved Miller's other claims, including one against the prison warden who received a copy of a grievance Miller filed against Maue. At the start of the case, the district court dismissed Miller's claim that Maue and Stewart violated his right to due process by submitting a disciplinary report that falsely accused Miller of spitting on Maue. Miller alleged that as a result of the discipline, he spent four months in segregation and was demoted to "C" grade status. For an Illinois prisoner, that status entails the loss of privileges (except yard access), restricted commissary access, and only video-based visits. ILL. ADMIN. CODE tit. 20, § 504.130(a)(3). Later, the district court entered summary judgment for the warden. (Miller does not contest this later ruling on appeal, so we say nothing further about it.)

Miller now argues that this court should reverse the jury verdict against him on the Eighth Amendment claim because the evidence required a verdict for the plaintiff. But Miller did not move for judgment as a matter of law under Rule 50(a) or (b), so we are "'powerless' to review the sufficiency of the evidence after trial." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006)); *Haze v. Kubicek*, 880 F.3d 946, 950 (7th Cir. 2018). The defendants have not mentioned Miller's Rule 50 forfeiture. But Rule 50 serves the interests of the judiciary in promoting efficiency and saving jury time, *see* Fed. R. Civ. P. 50(a)(1) Advisory Committee Notes (1991 amendment), so we hold Miller's forfeiture against him. *See, e.g.*, *Ortiz*, 562 U.S. at 189 n.6 (relying on verdict loser's Rule 50 forfeiture even though the verdict winner failed to raise the forfeiture in appellate brief or petition for certiorari). In any case, our review of the trial transcript shows us that the verdict is

amply supported by the defendants' testimony, so we will not disturb it. *See Willis v. Lepine*, 687 F.3d 826, 836–837 (7th Cir. 2012).

Miller next argues unpersuasively that the district court erred in dismissing his due process claim against Maue and Stewart. But upon de novo review of the dismissal, *see Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011), we conclude that Miller does not state a valid claim on the facts that he alleged, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). His claim is best understood as an assertion that, by demoting him to "C" grade status and confining him to segregation (based on the false "spitting" accusation), Maue and Stewart deprived him of liberty without due process. In prison, an inmate is deprived of a liberty interest only if the inmate experiences an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 221–23 (2005). The length of confinement must be "substantial" and the conditions of confinement "unusually harsh." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). Extended deprivation of sensory stimuli or human contact may meet this standard. *See Wilkinson*, 545 U.S. at 214–15; *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013).

Miller pleaded himself out of court on this claim for two reasons. First, we have already ruled that deprivations upon demotion to "C" grade status do not implicate a liberty interest. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases). Second, his four-month stay in segregation also does not implicate a liberty interest, because Miller does not allege, or contend on appeal, that the conditions of his segregation were "unusually harsh." We must consider "all of the circumstances of a prisoner's confinement" to determine whether he has been deprived of liberty. *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (quoting *Marion*, 559 F.3d at 698). In *Marion*, we observed that even six months of segregation, without additional facts about the conditions of confinement, would not implicate a liberty interest. 559 F.3d at 698 (citing *Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995)); *see also Hardaway*, 734 F.3d at 744–45 (disciplinary segregation for six months did not impose "atypical and significant hardship" where, as with Miller, Hardaway had periodic human contact and could use the prison yard weekly). With no liberty interest lost, Miller did not lose liberty without due process. *Wilkinson*, 545 U.S. at 221. The district court thus rightly dismissed this claim.

Finally, Miller raises a new argument on appeal. He contends that the prison failed to protect him from retaliation by Maue after he filed grievances against Maue. But Miller concedes that he did not raise this argument in the district court (and it does

not qualify for the "extremely limited application" of plain-error review under Federal Rule of Civil Procedure 51(d)(2)). Therefore, it is waived. *Walker v. Groot*, 867 F.3d 799, 802 (7th Cir. 2017); *Higbee v. Sentry Ins. Co.*, 440 F.3d 408, 409 (7th Cir. 2006).

AFFIRMED