NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022[*]
Decided May 9, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1679

| | |
|---|---|
| ELVIN HEARD, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 17-3309 |
| | |
| JUSTIN HUNZIKER, et al., | Jonathan E. Hawley, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Elvin Heard, an Illinois inmate, appeals the district court's judgment on a jury's verdict in favor of officers whom he sued under the Eighth Amendment over allegations of excessive force and deliberate indifference to a medical need. He

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). Accordingly, Heard's motion for an update on oral argument is denied as moot.

challenges the verdict as lacking sufficient evidence and the jury as biased. But Heard did not file a post-verdict motion as required, supply a trial transcript as needed, or substantiate his contention about bias. He also failed to show that the district court abused its discretion in denying his requests for counsel. We therefore affirm.

Heard brought this suit under 42 U.S.C. § 1983 against prison guards and a nurse. He alleged that, as guards escorted him to the segregation unit for yelling "Black Lives Matter," they beat him while another guard stood by doing nothing. Heard also alleged that, after the attack, a nurse disregarded his injuries, and that over the next nine days while he was in segregation, the defendants ignored his requests for medical care. At the outset of the case and during discovery, Heard asked the district judge to recruit counsel for him. The judge denied the motions because Heard appeared able to draft papers and conduct discovery pro se, and because Heard had not followed up with an attorney who had expressed interest in pursuing the case. After discovery, the defendants moved for summary judgment. The district judge entered partial summary judgment for the nurse and for officers not involved in some of the alleged violations.

The remaining claims—for excessive force, failure to intervene, and deliberate indifference—went to a jury trial before a magistrate judge who presided by consent. After Heard presented his case in chief, the defendants moved for judgment as a matter of law. FED. R. CIV. P. 50(a). The magistrate judge granted the motion for one defendant and deferred the rest of the motion until after the jury reached its verdict. The jury later returned a verdict in favor of the other defendants on all claims, and the magistrate judge entered judgment accordingly. Heard did not file any post-verdict motions.

On appeal, Heard has elected to proceed without a transcript of the trial. He correctly understands, as he told us in a motion, that he "cannot proceed" without it. We advised him how to obtain it: He "may request the relevant transcript from the court reporter" and if "he cannot afford the transcripts," he can ask "the district court for government-paid copies." Despite this advice, Heard did not order the transcript. He nonetheless now asks us to overturn the unfavorable jury verdict on the ground that the evidence was insufficient to support it. For two reasons, his argument fails. First, because Heard has not provided the trial transcript, we cannot consider his challenge. *See* FED. R. APP. P. 10(b)(2); *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011). Although we could provide Heard with another chance to order the transcript, *see id.* at 530, we see no reason to do so given this prior failure combined with the second reason that his challenge fails—the dispositive effect of the lack of any post-verdict motion. He did not move for judgment as a matter of law under Rule 50(b) of the

Federal Rules of Civil Procedure before or after the jury's verdict. As a result, we are "'powerless' to review the sufficiency of the evidence after trial." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006)); *see also Haze v. Kubicek*, 880 F.3d 946, 950 (7th Cir. 2018).

Heard next contends that the magistrate judge erred by, in Heard's view, permitting a biased jury to hear the case. He speculates that a juror, who he asserts told the judge during a recess after opening statements that he "does not approve" of the Black Lives Matter movement, could have "contaminated" the jury by sharing this view with other jurors before the magistrate judge dismissed him. But Heard's contention of a biased jury lacks merit for two reasons. First, Heard does not assert that he raised the issue in the district court, a step that he must take to preserve the issue for appellate review. *See United States v. Burns*, 843 F.3d 679, 685 (7th Cir. 2016). Second, even if Heard raised the issue, without evidence (lacking here) that any of the seated jurors were influenced by this view, the magistrate judge did not abuse his discretion in allowing the trial to proceed after dismissing the problematic juror. *See Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 869 (2017) (requiring an overt statement of racism to place jury bias at issue).

Finally, Heard contends that he was entitled to recruited counsel. He argues that counsel could have helped him recover a video recording that, he believes, would have proved his case. But the district court reasonably denied Heard's request. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). Before exercising discretion to recruit counsel for a litigant, a district judge must find that the litigant made reasonable efforts to obtain counsel and is not able to litigate the case pro se. *Id.* Here, the district court properly ruled that neither finding was justified. First, it rightly observed that when Heard tried to obtain counsel, *id.*, one attorney was interested in taking his case, but Heard failed to follow up with that attorney. Second, the court appropriately ruled that, based on Heard's well-drafted filings and his ability to pursue discovery requests, Heard could adequately litigate the case without recruited counsel. *Id.*

We have considered Heard's remaining, undeveloped arguments, and none has merit.

AFFIRMED