In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2903

SYED IJAZ HUSSAIN SHAH and ASMAT HUSSAIN,

*Petitioners-Appellants*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee*.

Appeal from the United States Tax Court
No. 8440-13 — **Joseph W. Nega**, *Judge*.

SUBMITTED MAY 11, 2015* — DECIDED JUNE 24, 2015

Before FLAUM, KANNE, and WILLIAMS, *Circuit Judges*.

PER CURIAM. Syed Ijaz Hussain Shah and his wife, Asmat Hussain, petitioned the Tax Court for a redetermination of $18,030 in deficiencies and penalties for tax years 2009 through

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

2011. On the trial date, the Commissioner submitted to the Tax Court a "Stipulation of Settled Issues" signed by the parties. The document states that it "reflects" the parties' "agreement as to the disposition of adjustments," yet there is no mention of agreement concerning the fact or amount of a deficiency for any of the relevant tax years. At the Commissioner's request, the Tax Court granted the parties 30 days to file "decision documents" in lieu of trial. The Commissioner calculated a total deficiency of $12,252 and a penalty of $0. When the couple refused to agree to this amount, the Commissioner asked the Tax Court to enter a decision adopting the Commissioner's figures. The petitioners sought more time to produce an agreement, but the Tax Court granted the Commissioner's motion on the ground that "the parties' computations for decision and proposed decisions consistent with their settlement agreement" were overdue. We conclude that, in light of the parties' disagreement over the petitioners' liability, the Tax Court erred by entering a judgment without holding a trial. We therefore vacate the judgment of the tax court and remand for further proceedings.[1]

---

[1] We note that Asmat Hussain became a party to this appeal by operation of the federal rules when her husband signed the notice of appeal. *See* FED. R. APP. P. 3(c)(2), 13(a)(3), 14; TAX CT. R. 190(a). But she did not file her own brief, and the briefs submitted by her husband did not bear her signature. *See* FED. R. CIV. P. 11(a). As a pro se litigant, Shah may not represent his spouse. *See Cole v. C.I.R.*, 637 F.3d 767, 773 (7th Cir. 2011); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 402 (7th Cir. 2010). We therefore asked Asmat Hussain to clarify whether she wished to participate in this appeal. She responded by filing a motion to adopt her husband's briefs—a motion which we now grant. Thus, the judgment with respect to both the husband and the wife is properly before us on appeal. *See Cole*, 637 F.3d at 773.

**I. Background**

The Commissioner filed the motion for entry of decision a month after the parties had submitted their Stipulation of Settled Issues. The Commissioner represented that—based on the parties' stipulations—the agency had calculated a deficiency for each tax year and mailed to the couple an "explanatory letter" along with "decision documents" and "tax computations." The Commissioner acknowledged, though, that the couple had not signed the decision documents or returned phone calls, and so the Commissioner requested "that the Court enter a decision in this case pursuant to the agreement of the parties and in accordance with the … decision document," which was attached to the motion. Also attached to the motion was the "explanatory letter," which says explicitly that "to finalize the settlement" the parties still had to "file with the Tax Court a decision document reflecting that settlement agreement that shows the amount of tax and additions to tax/penalties that you owe based on our settlement." The letter further "advised" the couple that they "should not consider any agreement to settle this case final and binding until we

---

On a related note, the notice of appeal signed by Shah—which is a form made available by the Tax Court—includes a footnote stating, "If husband and wife are parties, then both must sign if both want to appeal." *See T.C. Form 17*, UNITED STATES TAX COURT, https://www.ustaxcourt.gov/forms/ Notice_of_Appeal_Form_17.pdf (last visited June 3, 2015). The footnote on the Tax Court's form is improper, as it directly contradicts Federal Rule of Appellate Procedure 3(c)(2). Rule 3(c)(2) applies to appeals from the Tax Court, *see* FED. R. APP. P. 13(a)(3), 14; TAX CT. R. 190(a), and provides that a "pro se appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise," FED. R. APP. P. 3(c)(2).

have executed the decision documents and the Tax Court has entered judgment."

The couple filed an objection to the Commissioner's motion, contending that no decision should be entered until the parties "come to a common ground." They maintained that the parties should have arrived at the deficiency amounts jointly and also stated that Shah had become ill and was confused by the Commissioner's calculations. The couple further asserted that Shah's "several calls" to the Commissioner's lawyer had not been answered or returned until after the motion for entry of decision had been filed. According to Shah, when he finally reached the Commissioner's lawyer, she told him he could file an objection if he disagreed with the Commissioner's deficiency calculations.

The Tax Court deferred ruling on the Commissioner's motion and ordered the parties to "confer to determine whether they can agree on the decision to be entered or, if not, to narrow their disagreement as much as possible." The court gave the parties a month to either submit a stipulated decision or a joint status report. The parties filed a joint status report a month later stating that they had discussed the couple's concerns about the deficiency calculations, that the Commissioner had "requested revised tax computations to address" those concerns, and that the parties planned to file agreed-upon decision documents as soon as possible. (Computations regarding settlements or concessions are prepared not by the attorney litigating on behalf of the Commissioner but by the Appeals Division of the Internal Revenue Service. *See* INTERNAL REVENUE MANUAL § 35.5.2.15(1).) The Tax Court gave the parties another month to either submit a stipulated decision or to file another joint status report.

A month later the Commissioner filed a status report stating that the agency's attorney had "prepared a request for revised tax computations" but had "been unable to reach petitioners to discuss whether they would sign the decision documents." The couple submitted their own status report stating that they had tried to resolve the matter by negotiating with the IRS tax examiners and the Commissioner's lawyer. During this process, the couple said, Shah had become "sick and mentally distressed" and could no longer "understand mathematical calculations." The couple submitted a doctor's evaluation diagnosing Shah with dizziness, anxiety, and cephalalgia (pain in the head or neck) and restricting Shah (who works as a bus driver) from driving or operating heavy machinery for at least three weeks. The couple also explained that Shah's wife did "not understand the case because she was never involved in tax return preparation." Finally, they maintained that they simply wanted to "come up with a solution" that would be better for both sides.

The Tax Court did not give the parties more time to reach a settlement, nor did the court set a new trial date so that the petitioners' liability could be determined. Instead, the Tax Court ordered the couple to show cause "why the Court should not enter a decision based on" the Commissioner's deficiency computations. The couple responded that the Commissioner had made "several calculation mistakes and manipulations," had not attempted to reach "a common ground," and had tried to confuse them in order to gain leverage in settlement negotiations. The couple repeated that Shah was sick and that his wife could not assist in the negotiations because of her inexperience preparing tax returns. They again sought more time to produce a settlement agreement.

The Tax Court entered a decision granting the Commissioner's motion for entry of decision. The court acknowledged Shah's medical problems and the couple's request for "more time to produce a solution for settlement" but stated that the couple had not been cooperative with the Commissioner's "diligent efforts" to revise the disputed computations and settle the case. Thus, the Tax Court reasoned, the Commissioner's motion was warranted because "the parties' computations for decision and proposed decisions consistent with their settlement agreement are long overdue."

## II. Discussion

The couple's argument on appeal, as we understand it, is that the Tax Court was wrong to grant the Commissioner's motion for entry of decision because there was no settlement agreement for the court to enforce. To the contrary, the couple says, the Commissioner's attorney had promised to correct the deficiency calculations and submit a jointly signed decision to the Tax Court. The Commissioner counters that the Stipulation of Settled Issues "reflected the parties' resolution of all of the issues in the case" and thus "was enforceable as a settlement agreement."

We reject the Commissioner's argument and agree with the couple that the Tax Court should not have entered a judgment adopting the disputed deficiency calculations. Simply put, the Tax Court erred when it purported to enforce a settlement agreement because there was no settlement agreement for the court to enforce.

We recognize that even informal settlement agreements may be enforced by the Tax Court. *See FPL Grp., Inc. v. C.I.R.,* 95 T.C.M. (CCH) 1562, at *8 (2008). Although 26 U.S.C.

§ 7121 contemplates a written "closing agreement," a settlement nonetheless "may be reached through offer and acceptance made by letter, or even in the absence of a writing." *Lamborn v. C.I.R.*, 68 T.C.M. (CCH) 950, at *5 (1994); *see FPL Grp.*, 95 T.C.M. (CCH) 1562, at *8; *Smith v. C.I.R.*, 92 T.C.M. (CCH) 219, at *5 (2006). But when a party asserts that an issue is disputed, the Tax Court cannot rely on a purported settlement agreement to resolve that issue if, in fact, there was no meeting of the minds. *See Smith*, 92 T.C.M. (CCH) 219, at *5; *Nestle Holdings, Inc. v. C.I.R.*, 80 T.C.M. (CCH) 829, at *5 (2000). In other words, the court may "not force a settlement agreement on parties where no settlement was intended." *Manko v. C.I.R.*, 69 T.C.M. (CCH) 1636, at *4 (1995); *see FPL Grp.*, 95 T.C.M. (CCH) 1562, at *8; *Smith*, 92 T.C.M. (CCH) 219, at *4; *Nestle Holdings*, 80 T.C.M. (CCH) 829, at *4; *Dorchester Indus., Inc. v. C.I.R.*, 108 T.C. 320, 330 (1997).

The couple plainly disagreed with the deficiency amounts submitted by the Commissioner, who until now acknowledged at every turn that a settlement had not been finalized. In this court the Commissioner takes the stance that the parties' joint stipulation resolved all issues in the case, but we conclude that position is untenable. The agency had said just the opposite in its "explanatory letter" to the taxpayers, and afterward the Commissioner's lawyer asked the Appeals Division to revise the deficiency computations. The Stipulation of Settled Issues, which had been executed before the "explanatory letter" even was drafted, says nothing about the key issue in the case: the deficiency amounts for the tax years in question. Indeed, the Stipulation of Settled Issues does not even specify a method for determining the deficiency amounts, if any. *See FPL Grp.*, 95 T.C.M. (CCH) 1562, at *8–11 (thoroughly examining evidence of parties' negotiations before concluding that parties

had not entered "binding agreement" to use specific methodology for classifying disputed expenditures); *Manko*, 69 T.C.M. (CCH) 1636, at *2 (enforcing settlement agreement that, although not specifying final liabilities of taxpayers, specified "settlement methodology"). And if there was any doubt about the absence of a settlement, the Commissioner conceded the point by stating in the joint status report that the parties were still trying to agree on decision documents.

The Commissioner relies on *Farrell v. C.I.R.*, 136 F.3d 889 (2d Cir. 1998), for the proposition that a Tax Court may treat a stipulation like a settlement agreement and enter a decision based on the stipulation. That proposition is correct but does not help the Commissioner here. In *Farrell*, the parties submitted a comprehensive stipulation of settled issues that—unlike the document the couple signed—included an agreement concerning the deficiency and specified that only two issues (later resolved in a second stipulation) remained. *See id.* at 891–93. The Commissioner essentially attempted to evade the terms of that stipulation by filing an amended answer asserting new penalties. *See id.* at 892. The Tax Court then conducted a trial and determined that the taxpayers were liable for these penalties. *See id.* at 893. The court of appeals vacated the judgment, concluding that, by allowing the Commissioner to assert penalties not included in the parties' comprehensive stipulations under Tax Court Rule 91, the Tax Court acted improperly. *See id.* at 897. Thus, *Farrell* simply illustrates the principle, consistent with the other cases we have cited, that the Tax Court will enforce an agreement when there is evidence that there was a meeting of the minds between the parties. Here, that meeting of the minds never occurred on the issue of the couple's liability.

As best we can tell, when the Stipulation of Settled Issues was submitted to the Tax Court, the parties were still negotiating with the expectation of soon arriving at a settlement. That is why the Commissioner asked for an additional 30 days. The stipulations submitted by the parties resolved many of the disputes between the parties, but did not resolve the taxpayers' liability. In short, the Stipulation of Settled Issues contained pretrial stipulations of the kind that must be submitted to the Tax Court "at or before commencement of the trial." TAX CT. R. 91(c). These stipulations must be as comprehensive as possible and are treated as conclusive admissions. *See* TAX CT. R. 91(a), (e). But they may—as in this case—fall far short of constituting a settlement agreement. *See Lovenguth v. C.I.R.*, 93 T.C.M. (CCH) 1040, at *3–4 (2007) (distinguishing Rule 91 stipulations from "settlement stipulations").

Clearly, settlement negotiations stalled when Shah and his wife disputed the Commissioner's deficiency calculations. But at that point the proper course of action was not for the Tax Court to force the couple to accept the Commissioner's proposed figures, but for the Commissioner to either move for summary judgment, *see* TAX CT. R. 121(a), or else notify the Tax Court that the parties could not reach an agreement and proceed to trial, *see Farrell*, 136 F.3d at 892 (stating that parties' comprehensive Stipulation of Settled Issues included stipulation that the two remaining issues "will either be resolved by the parties or will be submitted to the Court for resolution"). The Commissioner opted for neither course but instead evaded the settlement process by moving for an entry of decision based on deficiency calculations disputed by the couple. Thus, the Tax Court erred when it granted the Commissioner's motion and entered a judgment based on the disputed deficiency figures.

### III. Conclusion

The Tax Court's judgment as to both Syed Ijaz Hussain Shah and Asmat Hussain is VACATED, and the case is REMANDED for further proceedings.