# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 15, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-2243

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS *ex rel.* THOMAS PROSE, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 17 C 6638 |
| MOLINA HEALTHCARE OF ILLINOIS, INC. and MOLINA HEALTHCARE, INC., | Virginia M. Kendall, *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Defendants-Appellees filed a petition for rehearing and rehearing *en banc* on September 2, 2021. All judges on the original panel have voted to deny rehearing and a majority of judges in active service have voted to deny rehearing *en banc*, with the following amendments to the opinion:

On page 14 of the Slip Opinion, the first full paragraph is amended to remove: "and so Molina is mistaken when it suggests that the implied version requires express representations about the goods or services to be provided. Material omissions can suffice." The final sentence of the amended paragraph now reads: "Implied and express statements raise distinct issues, however."

On page 15 of the Slip Opinion, the final sentence of the carryover paragraph is amended to read: "The complaint must include specific allegations that show that the omission in context significantly affected the government's actions."

On page 29 of the Slip Opinion (Dissent of Chief Judge Sykes), the first paragraph after "C. Implied False Certification" is amended to remove: "That is, the majority simply states, without explanation, that material omissions are implied false certifications. Majority op. at 14 ('Material omissions can suffice.')"

In the same paragraph, the final sentence is amended to read: "That approach cannot be squared with *Escobar*'s requirements for this type of FCA claim."

IT IS HERBY ORDERED that the petition for panel rehearing and rehearing *en banc* is DENIED.

IT IS FURTHER ORDERED that this court's opinion dated November 15, 2021, is amended as indicated in this order in a separately filed opinion released on today's date.