**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021*
Decided November 29, 2021

*Before*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

Nos. 20-2531, 20-2532

| | |
|---|---|
| RAHUL JULKA, et al., | Appeals from the United States District Court |
| *Plaintiffs-Appellants*, *Cross-Appellees*, | for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 2849 |
| BOARD OF EDUCATION OF BUTLER SCHOOL DISTRICT #53, et al., | Matthew F. Kennelly, *Judge*. |
| *Defendants-Appellees*, *Cross-Appellants*. | |

**O R D E R**

Rahul and Komal Julka, and their two children, sued parents of the children's classmates who accused the Julka parents of helping their children cheat in an academic

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

competition. The Julkas also sued officials from the children's school and the Board of Education, alleging that these defendants violated their constitutional rights and committed various torts while investigating the accusations. The district court dismissed or entered summary judgment for the defendants on most of the Julkas' claims, but it held a trial on their claims of retaliation in violation of the First Amendment and intentional infliction of emotional distress. A jury found for the defendants on the retaliation claim, and on the tort claim except as to Rahul, who obtained a verdict against the school board and one school official but was awarded no damages. On appeal, the Julkas contest the verdicts against them, the omission of damages for Rahul, and several of the court's pre-trial rulings. The school board and a school official, Alan Hanzlik, cross-appeal, arguing that the district court erred by denying them judgment as a matter of law on Rahul's intentional-infliction-of-emotional-distress claim. We affirm.

## Background

In 2016, the Julkas' elementary school withdrew the Julka children from the National Geographic Bee after other parents reported that they were preparing with the actual competition questions. After investigating the other parents' report, which included reviewing a recording of a complaining parent's conversation with Komal Julka, the school board banned the Julka children from participating in academic competitions, banned the parents from volunteering, placed letters about academic dishonesty in the children's permanent records, and mailed a letter to the families of students within the district, discussing the incident without naming the Julkas. The Julkas responded by filing a grievance with the school board, in which they asserted that the sanctions were based on unsupported accusations. The school board, with its attorneys, reviewed the grievance, investigated, and upheld all sanctions but one: it removed the letters from the children's files.

The Julkas then filed a seven-count federal lawsuit in which they alleged that the school defendants (the principal, the school board, and its lawyers) violated their due-process and equal-protection rights by singling them out for sanctions based on an inadequate internal investigation, and placed misconduct letters in the children's files in retaliation for their grievance. The Julkas also alleged that the school defendants inflicted emotional distress on the children, who were repeatedly questioned by school officials about the alleged cheating, and on Rahul, who experienced "humiliation [and] anguish," among other harms, as a result of the public accusations and the sanctions placed on the family. Finally, the Julkas brought claims of spoliation and intentional

infliction of emotional distress based on allegations that the parents who accused them had conspired with the school defendants to destroy a recorded phone conversation with Komal about the competition and used a falsified transcript of that conversation in the investigation.

On the defendants' motions, the court dismissed a number of the Julkas' claims, leaving only the Julkas' retaliation and intentional infliction of emotional distress claims against the school board and the other parents. The remaining defendants then moved for summary judgment, and the district court partially granted those motions. It entered judgment for the parent defendants on the intentional-infliction-of-emotional-distress claims, and it refused a preliminary injunction preventing access to the children's disputed files because the dishonesty letter had already been removed. But the court allowed one child's retaliation claim and the family's intentional-infliction-of-emotional-distress claims to proceed against the school defendants after determining that there were factual disputes about the school defendants' motives and tactics both when interviewing that child and publicizing the accusations against the parents.

A jury found for the school defendants on all but Rahul's intentional-infliction-of-emotional-distress claim against the school board and one official, but it awarded him no compensatory damages. The defendants, who had moved for judgment as a matter of law before the verdict, renewed their motion afterward. *See* FED. R. CIV. P. 50(a), (b). But the district court explained that there was sufficient evidence for the jury to conclude that officials acted outrageously toward Rahul by publicizing the cheating accusations to the school community, imposing sanctions, and threatening litigation.

The Julkas moved for a new trial, *see* FED. R. CIV. P. 59(a), arguing that the defendants had failed to disclose evidence they used at trial, presented "surprise evidence" and "false testimony," and changed their theory of defense, which together had deprived the Julkas of a fair trial. The court denied the motion, explaining that the Julkas had waived the issues by failing to object to the alleged misconduct before the verdict, but that in any case the arguments lacked merit because the Julkas had "ample notice" of the defendants' positions before trial.

We consolidated the Julkas' two appeals, which, between them, challenge the denial of their motion for leave to amend their complaint a second time, the partial

grant of summary judgment, and the denial of their motion for a new trial.[1]  The defendants cross-appeal, seeking to vacate the verdicts for Rahul on his emotional-distress claims, which they contend are unsupported by trial evidence and inconsistent with the finding that he had no compensable damages.

## Analysis

We address the alleged errors chronologically, beginning with whether the district court abused its discretion by denying the Julkas leave to amend their complaint a second time. The Julkas, who were represented by counsel in the district court, sought leave to file a second amended complaint about 15 months after submitting their first amended complaint (the subject of the motion to dismiss) and two weeks after the close of fact discovery. The proposed second amended complaint reasserted or expanded long-dismissed claims from the first amended complaint—including retaliation and civil conspiracy claims against the school board's lawyers and the parents. They also attempted to add a new claim of intrusion on seclusion against the parents. The court denied the motion, explaining that although the proposed pleading added little more than "nuance" to their claims, it would require "a lot more discovery" and thereby cause "undue delay." Because the Julkas' proposed amendment was based on conduct they "had known about when they filed their previous complaint," and they had not explained why they could not have asserted the expanded claims earlier, the court concluded that permitting the amendment would unfairly prejudice defendants who had been dismissed from the case months earlier.

This decision was sound. The court acted within its discretion to deny leave to amend nearly a year and a half into litigation, *see Lowinger v. Oberhelman*, 924 F.3d 360, 370 (7th Cir. 2019), and after the close of discovery. *See Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 816 (7th Cir. 2019). Having already extended the deadlines both to file their first amended complaint and to complete discovery, the district court was not required to reopen discovery so that the Julkas could add defendants and claims back to their case seven months after they were dismissed. *Id.*

---

[1] Only Rahul and Komal Julka are parties to the appeal. Komal joined Rahul's appeal by signing the filings. *See Shah v. Comm'r*, 790 F.3d 767, 768 n.1 (7th Cir. 2015). But the Julkas, as pro se litigants, may not represent their children. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

Next, the Julkas contest the entry of summary judgment for the other parents on Komal's claim of intentional infliction of emotional distress. The district court ruled, citing *Taliani v. Resurreccion*, 115 N.E.3d 1245, 1254 (Ill. App. 2018), that no reasonable jury could find that the parents, whose involvement was limited and who were not in a position of power over the Julkas, subjected Komal to conduct that exceeded "the bounds of decency" when they recorded and shared with school officials a phone call in which Komal discussed the Geography Bee. The Julkas contend that a reasonable jury could find that the parents' conduct was extreme and outrageous and that the district court's contrary decision rests on "fraudulent" evidence because the phone recording was "deliberately mistranscribed and then destroyed/deleted."

Reviewing the summary judgment decision de novo, we agree with the district court that no reasonable jury could find that the parents intentionally inflicted emotional distress on Komal. We do not consider the Julkas' unsupported assertion that the defendants relied on "fraudulent" evidence. The Julkas had a separate claim of spoliation based on the same allegations, but it was dismissed at the pleading stage as implausible, and the Julkas never challenged that decision. Therefore, they cannot show that the court ignored evidence at summary judgment. *See White v. United States Dep't of Just.*, 16 F.4th 539, 2021 WL 4931348 at *4 (7th Cir. 2021). In assessing whether the accusing parents could be liable, the court properly relied on evidence of the parents' genuine belief that the Julkas were cheating, their legitimate objective of reporting misconduct, and the absence of a reason for them to suspect that the Julka parents had any special susceptibility to distress. *See Schweihs v. Chase Home Fin., LLC*, 77 N.E.3d 50, 63 (Ill. 2016). We too are convinced that, under the totality of circumstances, the parents at most subjected the Julkas to an ordinary insult or indignity rather than conduct that is "intolerable in a civilized society." *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017) (applying Illinois law).

The Julkas' final challenge is to the jury's decision not to award any damages for intentional infliction of emotional distress despite finding two defendants liable with respect to Rahul. Our review of this issue is limited because they did not object to the jury instructions or verdict before the jury disbanded, *Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 754 (7th Cir. 2020), or move for judgment as a matter of law. *See Stegall v. Saul*, 943 F.3d 1124, 1127 (7th Cir. 2019). Although they invoked certain language of Rule 50 of the Federal Rules of Civil Procedure (stating that the verdict was against the manifest weight of the evidence), they filed only a post-verdict motion for a new trial, FED. R. CIV. P. 59(a), the denial of which we review for abuse of discretion. *See Bowers v. Dart*, 1 F.4th 513, 521 (7th Cir. 2021).

In that post-verdict motion, the Julkas raised "exclusively . . . arguments about the defendants' misconduct" during trial, including unfair surprise and false testimony. *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012). The court rightly concluded that these arguments were waived because the Julkas had not "timely and properly" objected during the trial. *See Walker v. Groot*, 867 F.3d 799, 805 (7th Cir. 2017). And looking beyond the Julkas' arguments to whether, under Rule 59(a), "[t]he jury's construction of [the] evidence was rational," *Willis*, 687 F.3d at 837, the court noted that the jury heard testimony from each of the Julkas about the impact of the accusations and investigation on his or her mental and physical health that provided a "reasonable basis" to find that Rahul alone suffered severe emotional distress.

The Julkas vary their argument on appeal, suggesting that the court erred by denying their Rule 59(a) motion because the omission of damages was "inconsistent" with the verdicts for Rahul on intentional infliction of emotional distress. But he cannot establish that a "miscarriage of justice" caused the decision not to award damages on his claim. *Prime Choice Servs., Inc. v. Schneider Logistics Transloading & Distrib., Inc.*, 861 F.3d 633, 635 (7th Cir. 2017). The jury was instructed to consider whether the evidence supported monetary compensation for "actual loss of money," including lost wages and "diminished ability to work," as well as "physical, mental, and emotional aspects of injury." The jury instructions separated the pain and suffering inquiry from the elements of the tort. *See e.g. Peach v. McGovern*, 129 N.E.3d 1249 (Ill. 2019). Rahul testified to feeling humiliated, shamed, and stressed by the investigation, so compensatory damages could have been awarded on that basis. The Julkas do not suggest that any alleged trial errors interfered with their ability to prove those damages. And even assuming they preserved a legal argument, the Julkas do not establish that awarding no damages was error under Illinois law. It was within the jury's discretion to "award nothing for pain and suffering," without causing an inconsistent verdict. *Snover v. McGraw*, 667 N.E.2d 1310, 1314–15 (Ill. 1996).

Finally, in their cross-appeal, the school defendants challenge only the jury's verdict for Rahul on his claim of intentional infliction of emotional distress. We review the district court's denial of their Rule 50(b) motion de novo, favoring the party that prevailed before the jury. *See Roberts v. Alexandria Transp., Inc.*, 968 F.3d 794, 798 (7th Cir. 2020). We consider only the grounds advanced in both the pre-verdict and renewed motions. *See Passananti v. Cook Cnty.*, 689 F.3d 655, 660 (7th Cir. 2012). The school defendants argue that there is "no evidence" that the school board or its members had cause to know Rahul would suffer severe emotional distress, or that he indeed suffered

severe emotional distress. They explain that the jury heard only that he felt "humiliated," which falls short of proving the tort as a matter of law. In fact, however, Rahul testified that as a result of the school's publicizing the accusations, he was shunned by friends, his medical practice suffered, and he took a significantly lower-paying job to care for his children during the ordeal. We do not evaluate "whether the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000). It was. *See Prakash v. Parulekar*, --- N.E. 3d. ----, 2020 WL 7122071 at *9 (Ill. App. Dec. 3, 2020*)* (plaintiff's recurring nightmares, mental, physical, and financial stress in response to colleague's campaign of false statements could prove severe emotional distress).

We have reviewed the parties' remaining contentions, and they lack merit. With respect to the primary appeals and the cross-appeal, we AFFIRM the judgment.