In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-1837

MITCHELL G. ZIMMERMAN,

*Plaintiff-Appellant,*

*v.*

GLENN BORNICK,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:21-cv-00209-BHL — **Brett H. Ludwig**, *Judge.*

SUBMITTED* JANUARY 5, 2022 — DECIDED FEBRUARY 2, 2022

Before EASTERBROOK, SCUDDER, and ST. EVE, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Prison litigation is common, and
many prisoners experience challenges preparing federal

---

*We have agreed to decide this case without oral argu-
ment because the brief and record adequately present the
facts and legal arguments, and oral argument would not sig-
nificantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

complaints. That is not because pleading standards are overly taxing—to the contrary, the rules require only a short and plain statement of the grounds supplying a plausible basis for relief—but more often is because of educational and resource limitations. The law understands this and, absent a clear indication of futility or some extraordinary circumstance, affords litigants—including prisoners—the opportunity to try again by filing an amended complaint. Wisconsin inmate Mitchell Zimmerman was not the beneficiary of a second chance, but should have been. The district court may have held Zimmerman to a pleading standard beyond that required by the Federal Rules and, regardless, should have given him a second try. So we vacate and remand.

## I

Zimmerman's complaint invoked 42 U.S.C. § 1983 and advanced a First Amendment claim on the basis of Glenn Bornick, a correctional officer at Fox Lake Correctional Institution, allegedly retaliating against him for complaining. Though far from clear and very abbreviated, Zimmerman seemed to contend that Officer Bornick had it out for him because of grievances he had filed complaining of misconduct by Bornick. Zimmerman also seemed to allege that he had received some sort of undeserved warning from Officer Bornick. In retaliation for all of this, Zimmerman contended, Officer Bornick confiscated about $100 worth of his property and issued a conduct report that led to sixteen days of disciplinary confinement.

Fulfilling the screening obligation imposed by 28 U.S.C. § 1915A(b)(1), the district court determined that Zimmerman failed to state a claim. Zimmerman's complaint, the court reasoned, did not establish a causal relationship between Officer

Bornick's actions and any protected speech. Deciding that any amendment to the complaint would be futile because Zimmerman's allegations were thorough, the district court dismissed it with prejudice. The court later denied two motions for reconsideration.

## II

### A

Having taken our own fresh look at Zimmerman's complaint, we cannot say the district court was wrong to dismiss it. His allegations were threadbare and did not clarify what speech he believes caused Officer Bornick to retaliate against him—his oral complaints about Bornick's warning or the formal grievances. Nor did Zimmerman specify the content, timing, or number of those grievances. The complaint was too sparing to see a plausible connection between Officer Bornick's alleged overstepping and Zimmerman's protected speech. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Herron v. Meyer*, 820 F.3d 860, 863 (7th Cir. 2016).

While we have no difficulty reaching this conclusion, we do have concern with the pleading burden the district court seemed to hold Zimmerman to. To be sure, the district court identified the appropriate standards—those supplied by Federal Rule of Civil Procedure 8(a) and the Supreme Court's decisions in *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In its analysis of Zimmerman's complaint, however, the district court suggested that Zimmerman's allegations had to correspond neatly with the elements of a retaliation claim. The court also may have drifted beyond reviewing the legal sufficiency of Zimmerman's allegations into a fact-finding role. At one point, for example, the district court observed

that Officer Bornick did no more than monitor Zimmerman within the Fox Lake facility. Yet the complaint advances an altogether different account—one of Officer Bornick losing his cool, overstepping, and harassing Zimmerman through retaliatory acts.

We say all of this only to sound a soft reminder. Rule 8(a) does not require plaintiffs to "pin" their claim for relief to any particular legal theory at the pleading stage. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011); see *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014); *Lovelace v. Gibson*, 21 F.4th 481, 487–88 (7th Cir. 2021); *Koger v. Dart*, 950 F.3d 971, 974 (7th Cir. 2020) ("Complaints plead *grievances*, not legal theories.") (emphasis in original); *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) ("As the Supreme Court and this court constantly remind litigants, plaintiffs do not need to plead legal theories.").

Put another way, federal pleading standards do not "demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). The cornerstone at the motion to dismiss stage remains for district courts to treat all allegations as true and to draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); see also *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Another point warrants mention from our review of the district court's order. In the course of its analysis, the district court observed that Zimmerman's confrontations and arguments with Officer Bornick were "not protected" by the First Amendment and therefore "cannot form the basis of a retaliation claim." Maybe, but maybe not. Our case law has not resolved where the First Amendment draws the line for

prisoners between protected and unprotected speech. Compare *Watkins v. Kasper*, 599 F.3d 791, 797 (7th Cir. 2010) (concluding that a prisoner's complaints were unprotected when disruptive to legitimate penological interests), with *Herron*, 820 F.3d at 863–64 (observing that the line drawing around protected and unprotected prisoner speech remains unresolved and worthy of attention in light of the boundaries the Supreme Court has recognized with grievances and complaints expressed by public workers about the conditions of their employment).

This case does not require us to categorize Zimmerman's various complaints. Protected speech or not, we agree with the district court's bottom-line conclusion that Zimmerman failed to state a claim.

B

What most concerns us is the district court's failure not to afford Zimmerman an opportunity to try again by filing an amended complaint. The law is clear that a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). By way of example, that occurs when a proposed amendment is untimely, see *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007), the plaintiff has already had multiple chances to cure deficiencies, see *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019), or amendment would cause substantial delay and prejudice, see *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). See also 6 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1487 (3d ed. 2021) (articulating these same principles).

No doubt district courts have broad discretion to prohibit amendment in these kinds of circumstances. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018). But those instances are the clear exception; the norm remains affording a plaintiff at least one opportunity to amend his complaint. *Id.* at 685; see *Glover v. Carr*, 949 F.3d 364, 367–69 (7th Cir. 2020).

Although Zimmerman's initial complaint may have been insufficient, we cannot say for certain that it suffered from such obviously incurable defects that he should not have had that chance. We therefore VACATE the district court's judgment and REMAND with instructions to afford Zimmerman a chance to amend his complaint.