NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022[*]
Decided March 28, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2805

| | |
|---|---|
| EDDIE L. HATCH, JR. and MICHELLE DAVIS-HATCH, <br> *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-CV-1791-JPS |
| CITY OF MILWAUKEE, et al., <br> *Defendants-Appellees*. | J.P. Stadtmueller, <br> *Judge*. |

**O R D E R**

Eddie Hatch Jr. and Michelle Davis-Hatch appeal from the dismissal with prejudice of their complaint alleging that the City of Milwaukee and numerous other defendants prevented them from purchasing a city-owned commercial building in

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

violation of the Fair Housing Act. *See* 42 U.S.C. § 3604(a). The district court determined that the Hatches failed to state a claim under the Act, and in two orders concerning separate groups of defendants the court dismissed the Hatches' claims with prejudice. We conclude, however, that the court should have given the Hatches an opportunity to amend their complaint, so we vacate the judgment and remand.

## Background

We recount the allegations in the light most favorable to the Hatches, the parties opposing dismissal. *United States ex rel. Prose v. Molina Healthcare of Ill., Inc.*, 17 F.4th 732, 737 (7th Cir. 2021). For more than two years, the Hatches worked with the Milwaukee Department of City Development ("DCD") to purchase a building to expand their business. The Hatches identified a "City owned commercial building" that met their needs, and a conversation with a DCD manager led them to believe that the building would be theirs to buy. But the Hatches were stymied when the defendants gave "unfair support and privilege" to a "white, unfunded developer" over "several black entrepreneurs"—a group that, we presume, includes themselves. The Hatches alleged that the defendants engaged in "a concerted effort … to deny us the enjoyment and right to purchase" the building.

The Hatches sued essentially everyone involved in the failed transaction under the Fair Housing Act. *See* 42 U.S.C. § 3604. The Act exists to ensure fair housing throughout the United States and prohibits racial discrimination in transactions involving real estate. *Id.* §§ 3601, 3604. Each of the served defendants moved to dismiss or for judgment on the pleadings, arguing that the Hatches failed to state a claim under the Act because the property at issue was not a "dwelling," and so the Act did not apply.

In separate but highly similar orders, the district court dismissed the complaint. (D.E. 55; D.E. 69) The court agreed with the defendants that the Fair Housing Act applies only to "dwellings"—a term defined as any building designed or intended for occupancy as a residence by one or more families. 42 U.S.C. §§ 3602(b), 3604(a). The court pointed out that the Hatches' complaint described the property as a "commercial building" and their proposed uses for the property were purely business-oriented. Because the court could not conceive of any amendment that "would state a claim under the FHA," it dismissed the case with prejudice. In the court's first order on June 16, 2021, it dismissed the Hatches' claims against a number of the defendants who they sued. In its second order on September 13, 2021, using similar and in some passages

identical language, the court dismissed the Hatches' claims against the remaining defendants. Both orders concerned the Hatches' pro se complaint.

Before addressing the merits of Hatches' arguments, we pause to consider whether we have jurisdiction over Michelle Davis-Hatch's appeal. The defendants argue we lack jurisdiction because she did not sign the notice of appeal. (The notice of appeal was filed and signed only by Eddie Hatch.) But under Rule 3(c)(2) of the Federal Rules of Appellate Procedure, "[a] pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse … unless the notice clearly indicates otherwise." The rule is designed to protect the appellate rights of a pro se litigant's spouse or children from the inadvertent omission of the party's signature. *Becker v. Montgomery*, 532 U.S. 757, 766 (2001). Here, Eddie signaled an intent that each of them remains a party to the appeal when he filed a notice of appeal on behalf of "Eddie Hatch et al." We note a subtle but important distinction: Even though pro se litigants may not represent their spouses, or anyone else on appeal, *Shah v. C.I.R.*, 790 F.3d 767, 768 n.1 (7th Cir. 2015), Michelle also signed their briefs, so we are satisfied that she wished to participate in this appeal.

## Discussion

As for the merits, the Hatches contend the district court wrongly decided that the building they sought to purchase could not qualify as a dwelling. They argue that because their family business would "reside" in the building (just as, in a colloquial sense, judges might reside in a courthouse), it qualifies as a dwelling. But they point to no authority—and we can find none—to suggest that the Fair Housing Act covers a building not intended for residential occupancy. The Act makes it unlawful to discriminate against others in transactions involving "dwellings," § 3604(a), (b), which the Act defines elsewhere to be buildings "occupied as, or designed or intended for occupancy as, a residence by one or more families." § 3602(b). An implicit assumption in the "dwelling" analysis is that individuals intend to occupy the home for a sufficient period of time. *See, e.g.*, *Lakeside Resort Enters., LP v. Bd. of Supervisors. of Palmyra Twp.*, 455 F.3d 154, 157–58 (3d Cir. 2006) (collecting cases). Because the Hatches do not allege that they intended to use the commercial property for residential occupancy by families, the district court rightly dismissed their Fair Housing Act claim.

The Hatches also argue that even if they failed to state a claim under the Fair Housing Act, they can state a claim under 42 U.S.C § 1982, which provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed

by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." They point out that § 1982, which applies to public and private actors, prohibits "every racially motivated refusal to sell or rent" property, residential or otherwise. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 421–22, 436 (1968). Section 1982 also prohibits interference by a third party with an individual's equal opportunity to purchase property. *See Shaikh v. City of Chicago*, 341 F.3d 627, 630 (7th Cir. 2003); *see also Wang v. Lake Maxinhall Estates, Inc.*, 531 F.2d 832, 834 (7th Cir. 1976) (reversing summary judgment against plaintiffs who alleged that defendants violated § 1982 by refusing to negotiate the sale, approve the purchase of, or sell an empty lot based on the plaintiffs' race).

Still, the district court was right to dismiss the Hatches' complaint for failure to state a claim. To state a claim under § 1982, they needed to allege plausibly that (1) they are racial minorities, (2) the defendants engaged in intentional, race-based discrimination, and (3) the discrimination concerned the sale of property. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413, 415 (7th Cir. 1996). Crucially, the complaint does not allege intentional, race-based discrimination; it does not suggest, for instance, that the defendants refused to sell the building, or interfered in its sale, *because of* the Hatches' race. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

But that defect is not so obviously incurable that the court should have dismissed the Hatches' pro se complaint with prejudice. The ordinary practice, especially for pro se pleadings, is to allow at least one amendment. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Leave to amend should be granted unless "it is *certain* from the face of the complaint that any amendment would be futile." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)) (emphasis supplied in *Runnion*). Here, the district court ruled in each of its orders that the Hatches could not amend their complaint to state a claim under the Fair Housing Act and the court dismissed their claims with prejudice. But the Hatches were not required to plead a legal theory. *See Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022). Indeed, in a case raising similar allegations, we ruled that a court should give at least one opportunity to identify a viable legal basis even though the plaintiff's identified legal theory was flawed. *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282–83 (7th Cir. 2002) (reversing dismissal of complaint alleging that a commercial lease was not renewed because of nationality-based discrimination, possibly in violation of § 1982); *see also Zimmerman*, 25 F.4th at 494 ("[T]he norm remains affording a plaintiff at

least one opportunity to amend his complaint."). The Hatches are entitled to an opportunity to show a plausible legal basis for their complaint.

For these reasons, we VACATE the district court's judgment and REMAND with instructions to afford the Hatches a chance to amend their complaint.