In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-3265

TERRANCE SHAW,

*Plaintiff-Appellant,*

*v.*

PAUL KEMPER, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 21-cv-49 — **J.P. Stadtmueller**, *Judge.*

ARGUED OCTOBER 4, 2022 — DECIDED OCTOBER 25, 2022

Before SCUDDER, ST. EVE, and JACKSON-AKIWUMI, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Terrance Shaw, a former Wisconsin inmate, is confined to a wheelchair and incontinent. Three times in 2018 he defecated on himself after being unable to access the handicapped toilet within the Racine Correctional Institution. Each time the bathroom was occupied by a non-disabled inmate, and each time Shaw complained about the lack of access, his grievances resulted in nothing changing,

with the prison staff saying that they could neither reserve re-stroom time nor control the actions of other inmates. Shaw then brought suit alleging violations of the Americans with Disabilities Act and Rehabilitation Act. But the district court, in screening the complaint, concluded that Shaw failed to state a claim and dismissed the action. Having taken our own look at Shaw's complaint, we believe that he alleged enough to survive screening and therefore return the case to the district court for further proceedings.

**I**

Shaw's complaint supplies the operative factual allegations, which we accept as true. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Prepared on a prison typewriter, and without the benefit of counsel, Shaw's complaint stands out for its clarity and precision. He alleged that three times in 2018 he needed to use the handicapped bathroom but was unable to because non-disabled prisoners occupied it. Each instance ended with Shaw defecating on himself. After the first two incidents, Shaw alerted prison staff, who asserted that they could not control what toilets other inmates used or reserve the handicapped stall solely for his use. On the third occasion, Shaw sought to find another bathroom by painfully dragging himself along the ground for about 180 feet before finally giving up and (again) defecating on himself.

Shaw's complaint alleged violations of the ADA, the Rehabilitation Act, and various constitutional rights. Before allowing the defendants to be served and fulfilling the screening obligation imposed by 28 U.S.C. § 1915A(a), the district court addressed the ADA and Rehabilitation Act claims and

concluded that Shaw, while unquestionably a qualified person with a disability, failed to allege a denial of access to any prison service and instead complained only about an "inconvenience" of prison life.

Shaw appeals, now represented—indeed, well represented—by lawyers from the non-profit organization Rights Behind Bars.

**II**

The district court should have permitted Shaw's ADA and Rehabilitation Act claims to survive dismissal at screening.

A

District courts have a duty to screen civil lawsuits from prisoners and to dismiss any complaint that "is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915A(b)(1). To survive dismissal, a prisoner plaintiff need only plead sufficient facts to suggest a plausible claim for relief. See *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility is not an exacting standard." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). And we liberally construe prisoner complaints, like Shaw's, filed without the assistance of a lawyer. See *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

To state a claim under Title II of the ADA, Shaw's allegations must suggest that he is a "qualified individual with a disability" who was "denied the benefits of the services, programs, or activities" from the prison "by reason of such disability." 42 U.S.C. § 12132. The enactment's implementing regulations also require the prison to make reasonable modifications to its policies or practices to avoid denying Shaw a

service on account of his disability. 28 C.F.R. § 35.130(b)(7); see also *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018) (explaining that Title II's reasonable modification requirement parallels Title I and III's reasonable accommodation mandate).

The Rehabilitation Act likewise provides that no "qualified individual with a disability" shall "be denied the benefits of . . . any program" "solely by reason of her or his disability." 29 U.S.C. § 794(a). It also requires reasonable modifications of the prison's policies or practices to avoid discrimination. See 28 C.F.R. § 41.53. For all practical purposes here, the two statutes are the same. See *Jaros*, 684 F.3d at 671–72 (comparing the acts).

With Shaw no longer incarcerated, he seeks only money damages. To recover damages, Shaw must identify intentional conduct (and not mere negligence) by a named defendant. See *Barnes v. Gorman*, 536 U.S. 181, 187–89 (2002) (analyzing § 202 of the ADA and § 504 of the Rehabilitation Act). We have interpreted that obligation as one requiring Shaw to plausibly allege that the defendants acted with deliberate indifference to rights conferred by the ADA and Rehabilitation Act. See *Lacy*, 897 F.3d at 862–63.

With this general framework in mind, we turn to Shaw's complaint.

B

All agree that Shaw's confinement to a wheelchair and incontinence render him disabled within the meanings of the ADA and Rehabilitation Act. Shaw also plausibly alleged that the defendants intentionally denied him access to a service or program—a handicapped-accessible toilet. Under the

Rehabilitation Act, a "program" includes "all of the operations" of the prison. 29 U.S.C. § 794(b)(1)(A). And Title II of the ADA applies to "anything a public entity does." 28 C.F.R. Pt. 35, App. B. We have no difficulty concluding that a handicapped-accessible toilet for disabled prisoners amounts to a service, the denial of which could establish a claim under either statute. See *United States v. Georgia*, 546 U.S. 151, 157 (2006) (observing that the refusal to accommodate disability-related needs for "hygiene" could constitute the denial of a service).

Finally, Shaw plausibly alleges that the defendants breached their obligation of accommodating his disability by ensuring reasonable access to a handicapped toilet. See *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006) (explaining that a plaintiff may state a Title II claim by showing the defendant's refusal to provide a reasonable modification). When Shaw complained that non-disabled prisoners were using the accessible toilet, the prison staff allegedly did nothing to help him, saying that they had no way of controlling what bathrooms other prisoners used or reserving a particular toilet solely for Shaw.

Shaw's allegations suffice to state claims under the ADA and Rehabilitation Act. But be careful not to overread our conclusion. All we are saying is that Shaw's complaint included sufficient factual allegations to survive screening under § 1915A(b)(1). Shaw will still need to prove his claim and show deliberate indifference. See *Lacy*, 897 F.3d at 862–63. The defendants will have an opportunity on remand to offer defenses, including, for example, that principles of sovereign immunity shield them from any monetary liability under the ADA and to develop facts showing that prison staff

undertook reasonable measures to accommodate Shaw's need (on the three occasions in question and even more generally) to have reasonable access to a handicapped-accessible toilet.

The district court's contrary conclusion rooted itself in part in our prior decision in *Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015). But we read *Wagoner* a different way, as an ADA and Rehabilitation Act case resolved not at the screening stage but instead on summary judgment after both parties had a chance to develop evidence in discovery. In the end, Richard Wagoner, a paraplegic inmate who challenged his transport in a poorly equipped van, could not avoid summary judgment because he "was inconvenienced with longer waits and humiliations" but received the service (transportation) and suffered no injury from the wait. *Id.* at 593. Here, however, Shaw alleged that he endured not just delay, but instead denial of access to a handicapped toilet when he required it.

For these reasons, we VACATE and REMAND for further proceedings.