In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-2458

LEE A. BROWN,

*Plaintiff-Appellant,*

*v.*

MICHAEL MEISNER, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:21-cv-00542-BHL — **Brett H. Ludwig**, *Judge*.

_____

ARGUED AUGUST 1, 2023 — DECIDED AUGUST 25, 2023

_____

Before WOOD, HAMILTON, and KIRSCH, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The central issue in this appeal is whether plaintiff-appellant Lee Brown, a Wisconsin prisoner, alleged a viable claim that prison officials violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, by denying his request for accommodation of his injured knee. The district court dismissed Brown's ADA claim on the pleadings for failure to state a claim. We find that he alleged

everything needed to assert an ADA claim. We vacate that portion of the judgment and remand.

Brown's pro se amended complaint supplies the operative factual allegations, which we construe liberally and take as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Brown injured his knee when he fell at his former prison. He received medical care there and was placed on "special needs," which included being assigned a lower bunk, a wheelchair, and crutches. Several weeks later, Brown was transferred to his current prison, Oshkosh Correctional Institution. Over the first few months there he spent time in segregation. Brown asked several times for medical help but received none. He was later moved to a shared cell where his cellmate, who was disabled, slept in the lower bunk. While climbing to his top bunk, Brown fell. Afterward, Brown saw a doctor who said that Brown needed surgery on his knee but that the prison would not provide it because he was "too young."

Brown then asked the prison's "special needs committee" to provide him "accommodations," and he "filed an ADA reasonable accommodation request." Through these requests and his medical history, he alleges, prison officials knew about his serious medical needs but failed to protect him from further harm and "kept him in imminent danger by denying him reasonable accommodations or treatment."

Brown's initial complaint named more than twenty defendants over thirty pages. In it, he specified that he was accommodated with a lower bunk at his prior prison and that he later requested the same "reasonable accommodations" at Oshkosh, including "a low bunk." He alleged that the defendants denied that request, apparently concluding that his knee injury was "not a disability." He also alleged more generally

that defendants violated his Eighth Amendment rights by deliberately ignoring his medical needs. The district court screened the original complaint under 28 U.S.C. § 1915A(a) and dismissed it for not providing a "short and plain statement" of any claim within the terms of Federal Rule of Civil Procedure 8. The court told Brown he could amend his complaint if he pared it down to no more than ten pages.

Brown followed the instruction and filed a much shorter amended complaint. Most relevant to this appeal, he repeated that his prior prison had accommodated his knee's "special needs" by assigning him a low bunk and that his current prison was denying him an "accommodation" for his knee. He asked for injunctive relief to provide "necessary accommodations to mitigate [his] severe pain, injuries, [and] exacerbation of [his] known painful condition." He also asked for compensatory and punitive damages. The district court allowed him to proceed on a separate Eighth Amendment claim against Dawn Fofana, a manager of the Health Services Unit, for failing to provide medical care while he was in segregation. The court dismissed the remainder of his complaint, including the ADA claim, writing that Brown had "not allege[d] any facts that would implicate the ADA" because "[h]e only alleges inadequate medical treatment, which is not a proper claim under the ADA." The court later entered summary judgment for Fofana on Brown's Eighth Amendment claim, finding that she had not been involved in his medical care.

On appeal, Brown does not contest summary judgment in favor of Fofana on the Eighth Amendment claim. He contends only that he alleged a viable failure-to-accommodate claim in his amended complaint. The pleading standard Brown must meet "is not an exacting standard." *Jaros v. Illinois Dep't of*

*Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (reversing dismissal of prisoner's claims under ADA and Rehabilitation Act). "Specific facts are not necessary" under Rule 8 because the plaintiff "need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), quoting *Erickson*, 551 U.S. at 93. Brown's complaint did not need to identify any particular legal theory, nor did it need to allege all legal elements of a particular claim. E.g., *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (collecting authorities and reversing dismissal of prisoner's complaint without leave to amend).

To state a claim under Title II of the ADA, Brown needed only to plead facts suggesting that he is a "qualified individual with a disability" who "by reason of such disability" was "denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. An allegation that the defendants failed to make reasonable accommodations can state a violation of Title II of the ADA. E.g., *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022), citing § 12132 and 28 C.F.R. § 35.130(b)(7)(i) (reversing dismissal of prisoner's Title II claim).

Brown's amended complaint states a plausible claim for relief under Title II of the ADA. The defendants accept at least for purposes of this appeal that Brown's alleged knee injury renders him disabled within the meaning of the ADA. But they insist that Brown's amended complaint "focuses solely" on "the medical care he received for his knee" and never alleged a failure to accommodate that disability. That simply is not correct. Brown's amended complaint included Eighth Amendment claims for deliberate indifference to his serious

medical needs, but he also alleged failure to accommodate his disability. Brown alleged that after he fell from his top bunk at Oshkosh, he asked the prison for "an ADA reasonable accommodation" to mitigate his "severe pain" and to prevent "further harm" to his disabled knee. Despite their knowledge of his condition and his fall, he alleged, prison officials "kept him in imminent danger by denying him reasonable accommodations." Those allegations gave fair notice to prison officials that Brown was suing for failing to accommodate his disabling knee condition at Oshkosh. See *Jaros*, 684 F.3d at 672.

The defendants offer two counterarguments that are not persuasive. First, they argue Brown failed to state an ADA claim because he did not specify in his amended complaint that the specific accommodation he requested was a "lower bunk." No rule of law required Brown to identify a particular accommodation in his complaint. See *Swanson*, 614 F.3d at 404. Nor would such a pleading requirement make sense for an ADA claim. A covered entity has considerable flexibility in deciding about how a disability will be accommodated. E.g., *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005) (citation omitted).[1]

---

[1] The parties debate on appeal whether Brown can rely on his original complaint, which the district court struck. The original complaint specified the lower bunk accommodation he wanted, but the district court struck that pleading for not being a short and plain statement of any claims for relief. The defense argument seems like a whipsaw, or perhaps an echo of the story of Goldilocks, asking the district court to work with a plaintiff so that he alleges not too much and not too little, but gets it just right. This defense argument invites district courts to waste time on a sterile task of fine-tuning pleadings. In the end, however, we need not decide whether and to what extent Brown may rely on his stricken complaint.

Second, the defendants contend that Brown's ADA claim fails under *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996), where we held that the ADA "does not create a remedy for medical malpractice." (The district court, too, quoted *Bryant* in concluding that inadequate medical treatment cannot be redressed under the ADA.) We agree with that statement in *Bryant*, but Brown's claim for failure to accommodate is not about allegedly substandard medical care. His claim is that the defendants failed to accommodate his disabling knee condition when they denied him a lower bunk, and perhaps other accommodations. That claim does not involve allegations of medical malpractice, so the rule of *Bryant* does not bar it.

The defendants also raise additional issues that we need not resolve here. All agree that if Brown stated a claim under the ADA—which he did—we must remand the case so that he can pursue at least injunctive relief. The ADA claim went off the rails at the very outset of this case, and our remand will call for a reset in the district court to get the failure-to-accommodate claim back on track. The defendants will have the opportunity on remand to raise defenses, such as sovereign immunity, and plaintiff may be able to raise other legal theories that could support both money damages and injunctive relief, including the Rehabilitation Act, 29 U.S.C. § 794. That Act is, for practical purposes, the same as the ADA, *Shaw*, 52 F.4th at 334, except that it circumvents "the thorny question of sovereign immunity." *Jaros*, 684 F.3d at 672. See generally *Shaw*, 52 F.4th at 333–35 (reversing dismissal of prisoner's claims under ADA and Rehabilitation Act); *Koger v. Dart*, 950 F.3d 971, 974–75 (7th Cir. 2020) (remanding some of prisoner's claims

---

(Was it struck correctly or erroneously? Shouldn't that matter?) His amended complaint was legally sufficient.

after improper dismissal on pleadings). We leave the needed reset to the district court's sound discretion.

A final note about the caption. At screening, the district court dismissed every defendant other than Fofana, and the court later entered summary judgment for her on Brown's Eighth Amendment claim. On appeal, Fofana was initially the only listed defendant, but Brown has pursued only claims that do not seem to involve her. We amend the caption to include all the defendants listed in Brown's amended complaint. On remand, the district court may consider whether it should dismiss any other defendants because they were not involved in the decision to deny Brown accommodations for his injured knee.

Accordingly, we AFFIRM summary judgment in favor of defendant Fofana, VACATE all other portions of the judgment, and REMAND for further proceedings consistent with this opinion.